Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1066 | **DATE** | 2/21/2012 |
| **CASE TITLE** | Rodney Hunter (2011-0604003) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $21.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff may only proceed with a claim regarding his placement in unlit cells against the individual Defendants. His exposed wiring and *Monell* claims are dismissed. The clerk shall issue summonses for service on Defendants Anderson, Macweather and Priomous. Defendant Cook County is dismissed. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendants.

■[ For further details see text below.]          Docketing to mail notices.

## STATEMENT

    Pro se Plaintiff Rodney Hunter, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

    Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $21.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to another correctional facility.

    Turning to the initial review of the complaint, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from Plaintiff's complaint (Dkt. No. 1), are accepted as true and all

reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide Defendants with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that Plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that on October 29, 2011, he was assigned to cell #AJ307 at the Jail. He found that the lights were not working. He told Defendant Primous, but Primous said that there was nothing that could be done and he had to go into the cell. Plaintiff stayed in the cell without any lights for two days. He claims he suffers from defects in his vision due to being in the dark for the two day period.

A week later on November 8th, Plaintiff was assigned to cell #DA101. The cell also lacked light fixtures and had wiring come out of the walls. Plaintiff again informed Jail officials, this time Defendants Lieutenant Maeweather and Sergeant Anderson, but was told that nothing could be done. Plaintiff again claims injuries to his vision due to being placed in the dark cell.

The government may properly detain a pretrial detainee under the Fourteenth Amendment, but it "'may not . . . punish[] prior to an adjudication of guilt in accordance with due process of law.'" *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (quoting *Bell v. Wolfish*, 441 U.S. 520 (1979)). "Punishment . . . is really just a name for unreasonably harsh treatment meted out to inmates who have not yet been convicted of a crime." *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005). Punishment is "gratuitous infliction of pain or suffering." *Id*. Although the Fourteenth Amendment governs the claims, the Court looks to the Eighth Amendment deliberate indifference standard to evaluate the claims. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007) (citations omitted).

To establish a claim, Plaintiff must plausibly suggest: (1) that he was confined under conditions that "denied him the minimal civilized measures of life's necessities," and that (2) "[D]efendants acted with a culpable state of mind." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Wilson v. Seiter*, 501 U.S. 294; *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). As to the first component of a minimal civilized measure of life's necessities, a detainee "cannot expect [to receive] the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). The standard is met only when the conditions are "so grave that to expose any unwilling individual to [them] would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Examples of these grave conditions include exposure to raw sewage, inordinate levels of second hand cigarette smoke, and attacks from other detainees. *Id*. (citations omitted). As to the second requirement of Defendants' culpable statement of mind, "A [correctional] official may be held liable . . . for denying humane conditions of confinement only if he knows [the detainee] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Gillis*, 468 F.3d at 847 (quoting

| STATEMENT |
|---|

*Farmer*, 511 U.S. at 847).

Plaintiff's claim that he was placed in a cell with exposed wiring must be rejected. Exposure to live wiring by itself, although an inconvenience, does not create an unconstitutional condition of confinement. *Morissette v. Peters*, 45 F.3d 1119, 1123-24 (7th Cir. 1995). Plaintiff may have had to take additional actions to avoid the wiring, but this level of inconvenience does not establish a constitutional violation. Notably, Plaintiff does not allege any type of injury from the wiring or other related claim. He limits his claim to the fact that the cell had exposed wires.

Plaintiff, however, may proceed with a claim against the individual officer Defendants for his placement in cells that lacked appropriate lighting. The placement of a detainee in conditions where the lighting is "objectively insufficient" can violate the Constitution. *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *see also Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985) ("Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the [constitution]."). Plaintiff alleges that Defendants knowingly placed him in cells lacking adequate light. This is sufficient to state a claim allowing him to proceed past the pleading stage. The individual Defendants must respond to the complaint.

Nevertheless, Plaintiff's claim against Cook County is dismissed. "To establish municipal liability under § 1983[,] . . . Plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). "To establish an official policy or custom, Plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). There is no indication that Cook County has a policy of placing detainees in cells with exposed wires or lacked properly lighting. He only mentions his (apparently) random events without demonstrating how this is part of a custom or practice by the County sufficient to establish a *Monell* claim. *See McCauley v. City of Chicago*, __ F.3d __, No. 09-3561, 2011 WL 4975644, at *3-*7 (7th Cir. Oct. 20, 2011); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005).

The clerk shall issue summonses for service on Defendants Anderson, Macweather and Priomous. Defendant Cook County is dismissed. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the U.S. Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employees who no longer can be found at the work address provided by Plaintiff, Cook County / the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of

| STATEMENT |
|---|
| the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |